**BOWLES,**
*Respondent,*
*v.*
**WINSLOW,**
*Appellant.*

(No. 115470, CA 17379)

617 P2d 297

Norman K. Winslow, Salem, argued the cause for appellant. On the brief was Winslow & Alway, Salem.

Richard H. Allen, Salem, argued the cause for respondent. With him on the brief was Allen, Stortz, Barlow, Fox & Susee, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This is an action for damages for an alleged "overcharge" of attorney's fees and trustee's fees in a trust deed foreclosure proceeding. Plaintiff is the obligor on the promissory note and trust deed in question. Defendant, an attorney, acting as trustee and attorney for the trustee, initiated a statutory foreclosure by advertisement and sale after the trust deed obligation had fully matured. After defendant had substantially completed the foreclosure, plaintiff tendered the amount of the obligation, together with the expenses of the trustee, which are not in dispute, and $100 as trustee and attorney's fees. In making that tender he relied upon ORS 86.760 (1977).[1] Defendant refused the tender and insisted upon a trustee's fee based on ORS 86.795[2] and a reasonable attorney's fee in the amount of $795.

Plaintiff paid the amount demanded by defendant and brought this action. Plaintiff and defendant both moved for summary judgment. Defendant appeals from a summary judgment for plaintiff.

---

[1] "Whenever all or a portion of any obligation secured by a trust deed has become due by reason of a default of any part of that obligation, including taxes, assessments, premiums for insurance or advances made by a beneficiary in accordance with the terms of the trust deed, the grantor or his successor in interest in the trust property, or any part of it, any beneficiary under a subordinate trust deed or any person having a subordinate lien or encumbrance of record on the property, at any time prior to five days before the date set by the trustee for the trustee's sale, if the power of sale therein is to be exercised, may pay to the beneficiary or his successors in interest, respectively, the entire amount then due under the terms of the trust deed and the obligation secured thereby (including costs and expenses actually incurred in enforcing the terms of the obligation and trustee's and attorney's fees not exceeding $50 each) other than such portion of the principal as would not then be due had no default occurred, and thereby cure the default. After payment of this amount, all proceedings hereunder shall be dismissed by the trustee and the obligation and trust deed shall be reinstated and shall remain in force the same as if no acceleration had occurred."

[2] "The charge of a trustee for the performance of powers and duties of foreclosure by advertisement and sale imposed under ORS 86.705 to 86.795

In his memorandum opinion on the motions for summary judgment the trial court said:

"The plaintiff relies upon ORS 86.760 and upon section 13 of the trust deed provision to support his position that trustee's fees and attorney's fees upon the curing of a default are limited to $50 each.

"The defendant relies upon the case of *West Portland Development Co. vs. Ward Cook, Inc.,* 246 Or 67 [, 424 P2d 212 (1967),] and urges that ORS 86.760 applies only to a situation where a trust deed is in default by reason of acceleration, due to a partial failure to perform.

"In this case, the entire debt was due when the foreclosure by advertisement was commenced.

"Defendant also relies on ORS 86.795 for assessing the trustee's fees and argues that the attorney is entitled to a reasonable fee by the terms of the promissory note.

"If the statute (ORS 86.760) is capable of two interpretations in this respect, the trust deed provision (Section 13) is not.

"It is clear that the fees are limited to $50.00 each if the default is cured five days before the date of sale.

"The beneficiary elected to sell in accordance with the trust deed provisions and subjected himself to the provisions thereof.

"If the limitation of fees does not apply to this situation, (and it surely does not come under ORS 86.795) there is no provision for payment of attorney's fees or trustee's fees.

"* * * * *"

The trial court was correct.

Affirmed.

---

shall not exceed 50 percent of the compensation allowable to an executor or administrator under ORS 116.173 or a minimum charge of $100. Such compensation shall be based upon the amount due on the obligation, both principal and interest, at the time of the trustee's sale."